JOSEPH WILD, RESPONDENT, *v.* TEUNIS G. BERGEN, EXECUTOR OF PHEBE J. COWENHOVEN, DECEASED, REBECCA BACKHOUSE AND OTHERS, APPELLANTS.

*Power of sale to executor to pay debts—direction that it be executed within two years—when a creditor can compel a sale after the expiration of that time.*

In March, 1868, plaintiff and defendant's testatrix joined in an undertaking for one Mackay, which, plaintiff was, on the 4th day of March, 1875, compelled to pay. Defendants' testatrix died March 25, 1869, leaving a will by which she authorized, directed, and empowered her executors, " within two years after my (her) decease," to sell so much of certain lands therein described as might be necessary, with her personal estate, to pay her debts and legacies. The personal estate being exhausted, the executors, within the two years, sold a portion of the lands and paid the legacies and all the debts except plaintiff's. This action was commenced in 1877 to compel an execution of the power of sale to raise funds to pay the testatrix's share of the amount plaintiff had paid on the joint undertaking.

*Held,* that the testatrix did not intend to limit the execution of the power of sale to two years, but only to compel the payment of the debts and legacies within that time.

That even if this was not so, the plaintiff could not be deprived of his beneficial interest under the power, by the failure of the executor to execute it within the time limited.

APPEAL from a judgment in favor of the plaintiff, entered upon the trial of this action by the court without a jury.

This action was brought in the Supreme Court for the purpose of enforcing an equitable contribution from the estate of Phebe Cowenhoven, deceased, to the plaintiff, in respect to certain

moneys paid by him upon the joint obligation of himself and Mrs. Cowenhoven. The plaintiff and Mrs. Cowenhoven became, on March 9, 1868, sureties upon an undertaking on appeal in an action in this court, brought by one Mackay. The judgment was subsequently, and February 21, 1870, affirmed on appeal, and the plaintiff was compelled to pay, and did, on March 4, 1875, pay the amount of the judgment appealed from, and costs, some $7,434.81 in all. Pending the appeal, and on March 25, 1869, Mrs. Cowenhoven died leaving a will, the seventh clause of which was as follows, viz.: "I direct and authorize and empower the executors of this my will, or such of them as shall act, and the survivor and survivors of them, within two years after my decease, to sell so much of my land, on the west side of the Bath and Greenwood Plankroad, running through my farm, as shall, with my personal property not otherwise disposed of, be deemed by them to be necessary to pay my debts, and the several sums of money given and bequeathed in and by the second, third, fourth and fifth items of my will; and in case of such sale I direct and authorize and empower them to execute and deliver the necessary and proper deeds of conveyance therefor to the purchaser or purchasers thereof, and I do hereby charge the said land with the payment of the said sums."

By the eighth clause of said will said land was devised by the said testatrix, subject to the directions and powers given, and the charge created in and by said seventh clause of her said last will, to the defendant Rebecca Backhouse, for life, with remainder in fee to the children of said Rebecca Backhouse.

The defendant Bergen alone qualified as executor. He sold a part of the land embraced in the power, disposed of all the assets which came to his hands, paid all the debts and legacies (excepting the debt to the plaintiff), and had a final accounting in the Surrogate's Court. Afterwards the plaintiff's liability upon the undertaking became fixed, and after he had paid the judgment, as above stated, he brought this action, in which it was adjudged that the plaintiff was entitled to have the lands described in the seventh clause of the will sold, and that the executor and trustee sell so much as should be sufficient to cover the plaintiff's claim, and pay the same out of the proceeds.

*Philip S. Crooke*, for the appellants. The power of sale was to pay debts and legacies, and was limited to two years after the decease of the testatrix, and was inoperative after two years from her death. (*Richardson* v. *Sharp*, 29 Barb., 222; *Dunham* v. *Goldbacher*, 56 id., 579.)

*F. A. Paddock*, for the respondent.

BARNARD, P. J.:

Joseph Wild and Phebe Cowenhoven became co-obligors upon an undertaking for John Mackay. Wild, the plaintiff, has been called upon to pay the bond and has done so. Phebe Cowenhoven died before Wild paid the claim, leaving a last will, by the seventh clause of which she directed, authorized and empowered her executor to sell certain land described therein, to pay debts and legacies. The personal estate is exhausted. The executor sold a portion of the lands, and with the proceeds paid all debts but the plaintiff's claim, and all the legacies. The seventh clause of the will directed the sale of these lands "within two years after my decease." This action was not commenced until after the expiration of two years from the decease of the testatrix. The plaintiff has an equitable claim for contribution against the estate. The executor has no assets, and the question is, whether he can execute the power after the expiration of the two years. I think he can be decreed so to do. The direction to sell the lands described to pay debts, in effect made plaintiff a beneficiary under the power, entitled to demand its execution. The plaintiff's liability on the bond did not become fixed until after the expiration of the two years. It was not the intent of the seventh clause of the will to limit the execution of the power to two years. It directed the sale within two years, as a safeguard against the executor taking any longer time to pay debts and legacies. If this is not the true construction of the will, but that the testatrix limited the execution of the power to the two years, the limitation would not defeat this action. The direction to sell the lands, and with the proceeds to pay testatrix's debts, imposed the duty upon the executor, which the plaintiff was entitled to have performed by him. It is substan-

tially a trust for the benefit of plaintiff among other creditors. Can the plaintiff be deprived of his beneficial interest under the power, by the failure to execute it by the trustees? This is antagonistic to a universal equitable principle, that a trust shall not fail because of the neglect of the trustees to execute it within the time limited. No objection having been made to the complaint, I think the judgment should not be modified as to the clause permitting application for further relief to be made at the foot of the judgment, in case the land fails to satisfy the debt. All the residuary legatees are before the court, and all the facts established from which a complete and final determination can be made.

I think the judgment should, therefore, be affirmed, with costs.

Dykman, J., concurred; Gilbert, J., not sitting.

Judgment affirmed, with costs.